```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERT LEE MURRAY, JR.,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, JOHN AMBROSINO,
MICHAEL FRATANGELO, CHRISTOPHER
HEREDIA, and DANIEL SILVERIO,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2020

18 Civ. 6978 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Robert Lee Murray, Jr., brings this action under 42 U.S.C. § 1983[1] against Defendants, the City of New York (the "City"), and John Ambrosino, Michael Fratangelo, Christopher Heredia, and Daniel Silverio (the "Individual Defendants"), detectives with the New York Police Department, alleging that Plaintiff suffered personal injuries when the Individual Defendants used excessive force in effecting Plaintiff's arrest in 2018. *See* Compl., ECF No. 2; *cf.* Def. Mem. at 1–2 , ECF No. 67. Defendants move for summary judgment. Def. Mot., ECF No. 64. The motion is unopposed. For the reasons stated below, the motion is GRANTED.

## BACKGROUND[2]

The facts discussed in this opinion are undisputed except where otherwise noted. The Court has drawn all reasonable inferences in favor of Plaintiff, as the nonmovant. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

On July 24, 2018, the Individual Defendants arrested Plaintiff for an alleged parole

---

[1] Although the complaint does not reference § 1983 explicitly, upon review of the complaint and in light of Plaintiff's *pro se* status, the Court construes the complaint to allege a claim under § 1983. *See Portillo v. City of New York*, No. 17 Civ. 6675, 2020 WL 2836435, at *4 (S.D.N.Y. June 1, 2020).
[2] The following facts are drawn from the parties' pleadings and submissions, including the complaint and Defendants' Rule 56.1 statement to which Plaintiff failed to respond.

violation.  56.1 ¶ 1, ECF No. 66.  They informed Plaintiff that he would be riding along while they "pick[ed] up" other individuals, but Plaintiff stated that he wanted to be taken directly to the parole office four blocks away.  Compl. at 4.[3]  Plaintiff alleges that the Individual Defendants became "extremely violent," *id.*, and that they choked and beat him all over his body, *see* 56.1 ¶ 2.  Plaintiff further claims that an unidentified Defendant "[dove] on[to] [his] abdomen," which caused "[Plaintiff's] legs such pain [he] could not move them," and resulted in unspecified injuries to his lower back.  *Id.* ¶ 3.

Plaintiff was treated at Bellevue Hospital ("Bellevue") on the date of the alleged incident.  *Id.* ¶ 4.  Bellevue medical records indicate that Plaintiff complained of pain in the knee, wrist, ankle, back, and the area above his eye.  *Id.* ¶ 5.  Plaintiff also reported to hospital staff that he could not move his legs.  *Id.*  Additionally, Plaintiff told hospital staff that he had been "jumped" and "beaten" by police officers.  *Id.*

A nurse conducting Plaintiff's initial assessment at Bellevue found that there was "no obvious trauma observed to [Plaintiff's] lower extremities," and noted that Plaintiff "[did] not appear in any acute distress."  *Id.* ¶ 6.  A doctor conducting a full-body examination found no injuries to Plaintiff's head, ears, eyes, nose, or throat, other than self-reported "mild pain to palpation and minimal swelling" over Plaintiff's eyebrow, no injuries to Plaintiff's chest other than self-reported pain to palpation, no injuries to his abdomen, arms, or legs, and self-reported tenderness over every vertebra in Plaintiff's spine.  *Id.* ¶ 7.  The doctor's notes from this examination state that "point tenderness over entire [thoracic and lumbar] spine as opposed to point tenderness over specific site of injury without visible signs of trauma raises suspicion for secondary gain."  *Id.* ¶ 8.  In response to Plaintiff's complaint of trauma with back pain, x-rays

---

[3] The Court refers to the ECF page numbers.

and magnetic resonance imaging ("MRI") scans were performed to assess his spine. *Id.* ¶ 9. The x-rays and MRIs revealed no fractures, dislocations, or any other sign of trauma, and only suggested the existence of a possible cyst and a mild degenerative disease. *Id.* ¶ 10. Plaintiff was discharged that same day, and his only diagnoses were bipolar disorder and "current episode manic without psychotic features." *Id.* ¶ 13.

Plaintiff was examined again the next day, on July 25, 2018, by a different doctor. *Id.* ¶ 14. Plaintiff's medical records indicate that the examination was completed "without abnormal findings." *Id.* ¶ 15.

On July 27, 2018, Plaintiff initiated this action, alleging that Defendants used excessive force in effecting his arrest. Compl. at 4. He seeks a million dollars in compensatory damages and a million dollars in punitive damages. *Id.* at 5. Despite timely service of Defendants' motion papers, and despite being repeatedly warned that his claims may be dismissed if he failed to respond to Defendants' motion, *see* ECF Nos. 64, 64-1, 68, Plaintiff has not filed a response to Defendants' motion.

## DISCUSSION

I.  Legal Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most

favorable to the non-moving party." *Connecticut Ironworkers Employers Ass'n, Inc. v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98–99 (2d Cir. 2017); *see also* Fed. R. Civ. P. 56(c)(1).  If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary-judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact.  *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105.  Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York further provide that a party moving for summary judgment under Rule 56 must submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The party opposing the motion then must respond with a counter-statement with correspondingly numbered paragraphs, and each statement made by the moving party that is not "specifically controverted" in the opposing party's counter-statement "will be deemed to be admitted for purposes of the motion."  Local Civ. R. 56.1(c).

Notwithstanding Rule 56(e)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, which state that unrefuted facts will be deemed "admitted," neither Rule may be read to relieve the movant of the burden of establishing entitlement to judgment as a matter of law.  *Patino v. Brady Parking, Inc.*, No. 11 Civ. 3080, 2017 WL 5198192, at *7 (S.D.N.Y. Oct. 31,

2017).  In other words, "summary judgment may not be granted on default." *Id.* (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Thus, where a summary judgment motion is unopposed, the court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement; it also must be satisfied that "each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).  "A summary judgment motion in a *pro se* case may be granted as unopposed if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Warren v. Chem. Bank*, No. 96 Civ. 6075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999) (internal quotation marks and citation omitted).

A court will "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).  But a *pro se* party's "bald assertions, unsupported by evidence, will not overcome a motion for summary judgment." *Kennedy v. Arias*, No. 12 Civ. 4166, 2017 WL 2895901, at *7 (S.D.N.Y. July 5, 2017) (internal quotation marks, citation, and alterations omitted).

II. <u>Analysis</u>

A. Excessive Force Under § 1983

Defendants argue that Plaintiff's § 1983 excessive force claim should be dismissed because no reasonable jury could find in favor of Plaintiff.  Def. Mem. 5–8.  The Court agrees.

"Police officers' application of force is excessive, in violation of the Fourth Amendment,

5

if it is 'objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 267 (S.D.N.Y. 2013) (quoting *Papineau v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006)). "This objective reasonableness standard is applied using a totality of the circumstances approach that includes an examination of the severity of the crime at issue, the immediate threat the suspect poses to the officer and others, and whether the suspect is resisting arrest or attempting to flee." *Smith v. Fields*, No. 95 Civ. 8374, 2002 WL 342620, at *3 (S.D.N.Y. Mar. 4, 2002) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see also Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000) (excessive force is "subject to an objective test of reasonableness under the totality of the circumstances").

Although "not every push or shove" violates the Fourth Amendment, *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted), Plaintiff claims that he was choked and beaten, Compl. at 4; 56.1 ¶ 2, without posing an immediate threat, resisting arrest, or attempting to flee, *see generally* Compl.; 56.1; Def. Mem.; *see also Smith*, 2002 WL 342620, at *3. The Court, therefore, disagrees with Defendants' contention that the force allegedly used against Plaintiff was *de minimis* as a matter of law. *See* Def. Mem. at 7–8. Had Plaintiff submitted evidence in support of his allegations, his claim may have survived summary judgment. *See, e.g.*, *O'Hara v. City of New York*, 570 F. App'x 21, 23–24 (2d Cir. 2014) (summary order) (concluding that "no reasonable officer . . . could have thought that the law authorized him repeatedly to punch an unarmed, non-menacing 17-year-old in effecting an arrest"); *Bueno Diaz v. Mercurio*, No. 19 Civ. 1319, 2020 WL 1082482, at *9 (S.D.N.Y. Mar. 5, 2020) ("Crediting the *pro se* plaintiff's account of the events, . . . the alleged kicking, punching, and stomping carried out by the officers would be objectively unreasonable and disproportional to the circumstances

confronting those officers." (internal quotation marks, citation, and alterations omitted)).

However, in light of the undisputed evidence, the Court concludes that no reasonable jury could credit Plaintiff's account. Plaintiff alleges that the Individual Defendants beat him all over his body and caused injuries to his back and legs, but medical professionals who examined Plaintiff on the day of and the day after the incident did not diagnose him with any physical injuries. 56.1 ¶¶ 2, 5, 13. The nurse who initially assessed Plaintiff did not observe any trauma to his legs, and noted that Plaintiff did not appear to be in "any acute distress." *Id.* ¶ 6. The treating doctor's notes also state that Plaintiff "scream[ed] get off me when foot touched despite saying that he can't feel feet." *Id.* ¶ 12. And, despite alleging that he experienced "such pain" in his legs that he "could not move them," Compl. at 4, Plaintiff's medical records indicate that Plaintiff was seen standing at the hospital. 56.1 ¶¶ 11–12. X-rays and MRIs of Plaintiff's spine revealed no fracture, dislocation, or any other signs of trauma. *Id.* ¶ 10. Furthermore, after finding inconsistencies between Plaintiff's reported symptoms and the results of the medical examinations, the treating doctor twice expressed a suspicion that Plaintiff was faking his injuries "for secondary gain." *Id.* ¶¶ 8, 12. The examination conducted the next day by a different provider likewise revealed no "abnormal findings." *Id.* ¶ 15.

Thus, the contemporaneous medical records directly contradict Plaintiff's allegations of severe injuries. Based on the uncontroverted record, the Court concludes that no reasonable juror would credit Plaintiff's version of events. *See, e.g.*, *Henry v. Officer Pierce*, No. 11 Civ. 845, 2017 WL 3610507, at *2 (S.D.N.Y. Aug. 21, 2017) (dismissing complaint where "the record [was] utterly devoid of evidence of any kind supporting plaintiff's description of his injuries—other than his own claims") (internal quotation marks, citation, and alterations omitted)); *Allah v. Wilson*, No. 13 Civ. 4269, 2017 WL 4350611, at *4 (S.D.N.Y. July 31, 2017)

(granting summary judgment to defendants where contemporaneous medical records contradicted plaintiff's after-the-fact testimony of injuries); *Jenkins v. Town of Greenburgh*, No. 13 Civ. 8845, 2016 WL 205466, at *5 (S.D.N.Y. Jan. 14, 2016) (dismissing plaintiff's excessive force claim where "undisputed medical records directly and irrefutably contradict[ed]. . . plaintiff's description of his injuries" (internal quotation marks, citation, and alterations omitted)).

Last, because Plaintiff fails to plead the existence of a municipal policy or custom pursuant to which the Individual Defendants allegedly acted, or that such a policy or custom caused a violation of the Plaintiff's constitutional rights, as required by *Monell v. Department of Social Services*, Plaintiff has not established a claim against the City. 436 U.S. 658, 694 (1978).

Accordingly, Plaintiff's § 1983 excessive force claim is DISMISSED.

B. State Law Claims

To the extent Plaintiff also brings state law causes of action for assault and battery, such claims are also dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court exercises its discretion to decline supplemental jurisdiction over any of Plaintiff's remaining claims brought under state law.

Accordingly, Plaintiff's state law claims are DISMISSED.

**CONCLUSION**

For the reasons stated, Defendants' motion for summary judgment is GRANTED to the extent that Plaintiff's excessive force claim under § 1983 is DISMISSED with prejudice and Plaintiff's state law claims are DISMISSED without prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 64 and close the case. Chambers will mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: July 9, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　ANALISA TORRES
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge